No. 28,697.

The State of Kansas, *Appellee*, v. Loren Beard, *Appellant*.

(274 Pac. 199.)

Opinion filed February 9, 1929.

*J. S. Dey*, of Wellington, for the appellant.

*William A. Smith*, attorney-general, *Roland Boynton*, assistant attorney-general, and *Bert E. Church*, county attorney, for the appellee.

'The opinion of the court was delivered by

HOPKINS, J.: The defendant appeals from a conviction of violating the prohibitory liquor law.

There was evidence substantially to this effect: That about dark on the evening of July 25, 1928, the defendant was seen at the intersection of a street and alley in Wellington, under circumstances indicating that something had been left in the alley; that a search was instituted and a quart bottle of liquid found which bore the appearance of whisky; that the defendant came, smelled the contents of the bottle, said it belonged to him, that it was medicine and that he had put it there (it was found under the frame of an old automobile); that the defendant was taken into custody by a deputy sheriff; that he was surrendered to the sheriff, who placed him in jail, where he was held until the next day when the deputy sheriff who had arrested him swore to a complaint charging him in two counts with possession and transportation of intoxicating liquor; that the bottle and its contents were preserved and introduced at the trial; that it had the appearance of and smelled like whisky, and that it also smelled as if it had been treated with some other ingredient.

The defendant contends (first) that his arrest was void for the reason that the deputy sheriff had no warrant for him at the time of arrest; (second) that the proceedings were illegal because the complaint was filed and warrant issued and served on him while he was unlawfully held in jail, and (third) that the arresting officer did not have personal knowledge of facts necessary to constitute the offense charged against the defendant. These contentions are without substantial merit because it appears that the defendant was first tried and convicted in the court of a justice of the peace on complaint sworn to by the arresting deputy sheriff and a warrant duly executed and served upon the defendant, based upon such complaint. The first count of the complaint charged possession of intoxicating liquor. The second count, as originally filed, and to which objection is made, reads:

"And A. J. Turner, being duly sworn, deposes and says that for a second further and different count, that on or about the 25th day of July, 1928, in Sumner county, Kansas, one Loren Beard did then and there unlawfully transport certain intoxicating liquors from one place to another within the state of

Kansas, to wit, from the south end of the alley running north and south between Fourth and Lincoln streets and C and B streets, city of Wellington, Sumner county, Kansas.                                                      A. J. TURNER.

"Subscribed and sworn to before me this 26th day of July, A. D. 1928.

A. W. LYNN,
*Justice of the Peace.*"

The warrant was drawn to correspond to the complaint. At the beginning of the trial in the district court the county attorney asked leave to amend the complaint by inserting, after the words "Sumner county, Kansas," the words "thence north into said alley." Covering this phase of the proceeding, the journal entry reads:

"The court, being well and truly advised of all the facts in the premises, finds that this is an appeal case from the justice court and that said defendant was there apprised fully of the charge against him, and that said amendment is a matter of form and not of substance and will not work a surprise nor prejudice the rights of said defendant in any way; that the same should be and is hereby allowed and the county attorney is authorized and is permitted to so amend the complaint; thereupon the complaining witness, A. J. Turner, resigns and reverifies the amended complaint and the same is refiled."

The amendment was permitted in accordance with that provision of the statute which reads:

"The district or criminal court shall hear and determine any cause brought by appeal from a justice of the peace upon the original complaint, unless such complaint shall be found insufficient and defective, in which event the court at any stage of the proceedings shall order a new complaint to be filed therein, and the case shall proceed thereon the same in all respects as if the original complaint had not been set aside." (R. S. 63-402.)

It is perfectly apparent that if the district court had the power to order a new complaint filed "at any stage of the proceedings," it had the power to permit the amendment in question to be made. It may be observed, however, that the original complaint was not insufficient. It was alleged therein that the defendant "did then and there unlawfully transport certain intoxicating liquors from one place to another within the state of Kansas." This allegation was sufficient without any further specific statement of transportation.

Complaint is made of various trial errors. Some eight assignments of error with argument and citations of authorities in support thereof have been considered but cannot be sustained and do not warrant elucidation.

The judgment is affirmed.